COOPER INDUSTRIES MR. BURGER. May it please the court, good morning, I'm David Burger representing ABB and ABB Holdings the petitioners here. The issues in this appeal are the consistencies of the law regarding  THE COURT. You say that you're worried that Cooper would sue you for an infringement, right? MR. BURGER. They are certainly poised to do that. THE COURT. Right, okay. So what defenses do you say that you would assert? One of them is license, right? MR. BURGER. I beg your pardon? THE COURT. You were asking in the declaratory judgment to determine that there was no infringement, right? MR. BURGER. Yes, Your Honor. THE COURT. And what were the defenses to infringement? One of them was license, correct? MR. BURGER. One of them was license. THE COURT. Were there any others? MR. BURGER. Yes, Your Honor. The others are the classic defenses of invalidity and unenforceability. We also don't have any evidence in the record showing that what Dow is actually making for us is infringing. What we've asked them to make is biotemp, but in the settlement agreement biotemp is defined very specifically. There's no evidence in this record that says that the biotemp product that we've asked Dow to make is a specific formulation that matches the patent claims. The patent claims are also specifically directed to the use of the fluid in transformers, and there's no evidence in the record, and we haven't asked Dow to put the fluid in transformers. What will happen is we get the- THE COURT. The decision that you're making of these various defenses, where do we find these other defenses, these non-licensed defenses articulated in the record in the district court? MR. BURGER. Well, the non-infringement defenses aren't articulated in the record. We've asked for declarations of non-infringement, and the reason that they're not fully articulated-  Yeah, go ahead. MR. BURGER. The reason that we didn't request for declaratory relief is because we hadn't gotten to the point where they were flushed out. THE COURT. Well, but when you faced this motion to dismiss, why weren't they flushed out at that point? MR. BURGER. When we were faced with the motion to dismiss, as you know, we amended our motion for declaratory judgment, and we added these additional statements about declarations of non-infringement. THE COURT. But did you ever explain to the district court what these other defenses were? MR. BURGER. We certainly didn't go into detail, no, Your Honor. I think we explained in the complaint, in the amended complaint, that we had the other defenses and that we would be asserting them at the appropriate time. We did not go into the details about what the unenforceability arguments were, about what the invalidity arguments were. We did not put on evidence at that point, because we didn't feel it was necessary, to describe in detail what the actual product that we'd asked Dow to make for us was. I believe we did mention the fact that the claims and the patents, and we referred to the patents, and we referred to the claims, all talked about how to infringe, you had to use the product in a transformer, which was not something we were asking Dow to do, and there's no infringement based on that. THE COURT. You said that to the district court? MR. BURGER. I believe that by attaching the patents and by saying that, I'm not sure that we went into the detail about installing the fluid into the transformer. THE COURT. But doesn't this case get determined on contract issues, whether have made prevails over the preclusion with respect to third parties? So isn't it a contract case? MR. BURGER. No, Your Honor, it's not really. THE COURT. There's no diversity, and so there's no jurisdiction? MR. BURGER. No, Your Honor, it's not really a contract case for several reasons, and the reasons are this. The license is not one that contains any promise by ABB not to infringe. They've asked for a summary judgment that there's a negative implied covenant that we've promised not to infringe. The court in Texas has denied that. They've asked for an injunction under the contract that we stop having Dow make this liquid for us. The judge has denied that. So basically what we're left with is an infringement case in the district, state district court in Houston, which will now have to look at the issue about what is being made and then determine whether or not it's an infringement. They will have to compare the product to the patent. They will have to examine the settlement agreement from the previous infringement case. And the issue is once all of that has been done and it works its way through the Texas court system, up through the Texas Supreme Court, and say, for example, Cooper loses, then they can come and file an infringement case against us the next day. But Cooper hasn't filed a patent suit and so on. And the standard hasn't filed a patent suit. And of course, the standard isn't whether it could file. It's whether it would file, right? Well, I don't think that's quite right. Because I think if you read it the way that Cooper wants you to read it, it's saying that by Well, we're looking at the Speedo case. How do you read the Speedo case here? Well, I think you have to read the Speedo case in light of the A.B. Dick case, which it follows. And you have to look at it in the sense that the way Cooper wants you to interpret it is they get to decide what they're going to file and when they're going to file it. Isn't that right? It's right in the sense They own the patent. They kind of have that opportunity, don't they? They may never file. They may just decide we're happy with our contractual protections here. Well, they may, but I don't think the question is whether they may. I think the question is whether the patent rights are implicated in the contract suit. And as this court has held in several subsequent cases, the Pixton and the Air Product cases, these license cases, these license issues can be determined in the same case or before an infringement case. And as we explain in our brief, the problem here is they have filed an infringement case against Dow, which as the record shows, we are bound to indemnify. So now we're fighting a patent infringement case. But they also sued you in the state court on contract, right? They have sued us on the contract. That's right, Sean. And where we are left in the state court on the contract is the judge has made an interlocutory ruling on what the made-have-made issue means, which could certainly be at odds with what federal law across the rest of the country is, which will be inconsistent results that litigants are now going to have to face because we believe that the have-made rights are rights that are specific to patent law, certainly in a case of a patent license. But you could limit those by saying you can have it made by your affiliates, just not by third parties such as Dow, right? That could be an entirely legitimate contractual issue and contractual resolution that Cooper is satisfied with. If the contract had been written that way, it could certainly be explained that way. Isn't that what the state court's found, it says? The interlocutory summary judgment has found that. That's right. The problem is in Indiana, in the infringement case, the issue will be raised again. And that judge could reach a different decision based on federal have-made law going back through a number of cases where the have-made right is considered an inherent right. That's the Corbrace case. Won't we have a chance to look at that when it happens, if it happens? We'll certainly all have a chance to look at that, but by doing that at the end of the Indiana federal court, what then we're faced with is that decision over here and then we've got a state court decision in the Texas court that's going to be inconsistent with that. Or we may have something which is entirely consistent across the board, and we don't have to address the issue at all. I'm trying to figure out why we need to do that now. It's not really a why question, it's what compels us to do it now? What makes this a patent case, not, as Judge Lurie suggests, a contract case that's been resolved? Well, first of all, the contract issue hasn't been resolved. One construction portion... Just step back for a moment and try to address that. As I understand your argument, let's assume that your only defense is the license defense, and let's assume that the license defense is solely a question of state law, which seems to me it is. I think your argument is that because infringement is a federal cause of action, that you're entitled to ask for a declaratory judgment of no infringement, even if the only defense to infringement is a license defense. That's a little problematic. Neither one of you addresses the Supreme Court's decision in Textron, which addresses this question specifically. It doesn't decide it, but it says it's an open question, whether you can get a declaratory judgment that there's no federal claim, if the only defense to a federal claim is a state defense, state law defense. We have this Supreme Court case that says it's an open question as to whether you can bring a declaratory judgment action under those circumstances. We have no briefing, no argument about whether that's a permissible kind of declaratory judgment action to bring. I think what we've briefed, or at least what we've attempted to brief, is to show you, and we concede that you can't create . . . You're worried about an infringement action. I understand that. It seems to me that there's a case or controversy, that you're entitled to go in and say, well, we'd like a declaration of no infringement. The problem is that in so far as you've told the district court, the only defense is a state law defense based on license, and I'm not sure that's adequate for federal declaratory judgment jurisdiction. I think that the case law, at least the case law that we've cited, and we didn't address Textron, is that federal non-infringement . . . or federal defenses to patent infringements such as the obviousness and anticipation . . . Yeah, but you didn't articulate those to the district court. That's my point, Your Honor. We think there's case law that says you can't raise a federal question by arguing those defenses, but there isn't a case out there that says that the issue of infringement is not substantial enough to raise the question to one of federal importance implicating federal law, because at this point . . . I don't think you're understanding the question. Surely if there are federal defenses to infringement, you're entitled to go in and ask for a declaratory judgment of no infringement, assuming that there's reason that there's an immediate controversy, which maybe there is. But what there isn't law about is that you're entitled to go in and ask for a declaratory judgment on a state law issue presented by the contract, and that seems to be basically what you're doing, though you are suggesting that there are other defenses here that you didn't mention to the district court. It's basically a state law issue, and I'm not sure that even though the federal claim is an infringement claim, that you're entitled to bring a declaratory judgment to ask for a resolution of this state law issue just because you might be sued for infringement. That's the problem. Well, I understand your question, and I think that that's the crux of the issue. The fact is that we're now subject to multiple liability and multiple results on the same facts, because the Indiana court could do one thing, the Texas state courts could do another thing. They could bring an infringement suit against us in Texas. Our point is the law should be consistent, and this court should be the one that determines the issues relating to the have-made argument, which is really the only one that is being raised. Mr. Berger, you're well into your rebuttal. Should we hear from Mr. McCaughan? We'll save the rest of your time. Mr. McCaughan, did I get your name? Absolutely right, Your Honor. Thank you. Please proceed. May it please the court, before getting into the argument, I'd like to correct one issue with the record. There was a suggestion that there's a pending patent infringement action in Indiana against Dow, and that is not the case. After the court in Texas dismissed their declaratory judgment action of ABB for lack of jurisdiction, Dow filed a declaratory judgment action in Indiana. There's a pending motion to dismiss, and there's issues in that case as to exactly what exactly is in dispute, because there's been no specific indication of what product Dow was alleging is involved in that case. I think one of the important issues- Let me ask you a question, a hypothetical here, okay? Let's suppose that they had brought a declaratory judgment action and said this patent is invalid. Here are the reasons it's invalid, and we'd like a declaration of patent invalidity. Now, under the Supreme Court's decision in MedImmune, they can bring a declaratory judgment action like that, correct? Well, Your Honor, I think there's- No. I think one of the issues is that- No. I mean, that happens all the time. People bring declaratory judgments to declare patents invalid. You can do that, right? You can, Your Honor, but in this case, we have a settlement agreement under which they entered into a contractual agreement not to enter into any challenges for the validity or enforceability of the patent. So I think there would be an issue at that point whether they could initiate an invalidity challenge given the settlement agreement. That would be an issue to be determined on the merits, whether they had given up the invalidity challenge. But typically, I mean, somebody could go into federal court and say, I'd like a declaration of patent invalidity because I'm worried that I'm going to be sued for infringement. And that's an appropriate thing to do, right? I think if you meet the MedImmune requirement, there's an actual controversy. I think if it's just a freestanding invalidity challenge that someone brings in the absence of any real dispute or controversy, I'm not sure that you can maintain it. But certainly there are circumstances where there is a controversy and someone can come in and seek a declaration of patent invalidity. Mr. McGaughan, you wrote a letter, Cooper wrote a letter June 09 saying we wish to put Dow a notice that Cooper will defend its rights to, if Dow attempts to make products covered by one or more Cooper patents. Now that certainly implicates ABB. So ABB comes into court and asks for a declaratory judgment action with respect to what it did. And its defense is based on contract, but it would be a defense to an infringement action. So even though it's a state cause of action, the issue was the state interpreting a contract under state law, why wouldn't there be jurisdiction? I think there's a couple issues. And first, from a factual perspective, the letters that went back and forth to Dow were not letters specifically dealing with any particular formulation or composition or issue. Dow had basically asked if they could have immunity from suit from Cooper for certain vegetable oil patents. But surely there seemed to be a dispute about whether there was an infringement claim or not. There was even an issue of what particular formulations or products Dow was asking about. And in fact, what happened was after Dow asked for immunity, there was a discussion to try to figure out more information and it did not come out exactly what is the nature of any dispute at all between Dow and Cooper. I think, Judge Lurie, to your question about if you have a situation where the defense is a state court action to a hypothetical claim in a federal court, does that allow you to bring this case into the federal court? And I think the answer is and has to be no based on the precedent of this court and the Supreme Court's precedent. Which precedent? Well, Your Honor, when you're dealing with the declarer, I think in particular... Textron says it's an open issue. I asked my clerk to shepherdize Textron to see if it had ever been decided after Textron. Couldn't find any cases. What cases decided that issue? Your Honor, I think there are several. I think there's the case of Luckett v. Dale Park. And in Luckett v. Dale Park, the issue was, is something... Is this a case cited in your brief? Yes, Your Honor. And in the Luckett v. Dale Park case, the issue was that in that instance, there was an issue where someone was asking for a contract remedy. And what the court found was what Judge Rader suggested, that the plaintiff gets to be master of its complaint. In fact, in the Luckett v. Dale Park case, the Supreme Court said the plaintiff is absolute master of what jurisdiction he would appeal to. And the court went on to note in that case, and it cited and relied upon a Wilson v. Sanford case, which was discussed in Luckett and many of the other cases we cited, that indicated that... Your problem is this. The Supreme Court in Textron described exactly this situation, and it says it's an open question. Okay? I think, Your Honor, that I don't... The particular issue I think we have here is one where in Luckett... And I'll go through the analysis. In the Luckett, the court found specifically that when a patentee complaint makes a suit for recovery of royalties under a contract going on, or for specific performance, or asks the aid of the court in declaring a forfeiture in the license going on, he does not give the federal district court jurisdiction of the cause as one arising under the patent law. And I think the issue is, because of a declaratory judgment claim, you're looking at some hypothetical claim that the other side could potentially make. And I think the issue is that if the only claim the other side could make is one that gives rise to federal jurisdiction, then perhaps you have a basis to bring that in. But if you're looking at a variety of different claims that the other side can make, some of which may invoke federal jurisdiction, some of which, like a breach of contract claim, may not, the simple fact that there may be a possible federal claim does not allow you to pull that case into federal jurisdiction. And for support for that, I'd also point to the Skelly case from the Supreme Court, which notes that a suggestion that one party, that the other will or may set a claim under the Constitution or laws of the United States does not make the suit arising under that Constitution or those laws. And the court went on to note that to allow this may have a possible claim to provide jurisdiction, they note it would turn the federal courts into a vast current of litigation, indubitably arising under state law. Didn't the June letter to Dow pretty much imply that it would be a patent claim? And how else do you protect your patents? Your Honor, what the Dow notice indicated was simply that the agreement did not give ABB the license or right to have patented products manufactured by a third party on its own. It indicated that Dow is unnoticed. It will defend its rights should it may attempt to make products covered by one or more Cooper patents. And in fact, those rights could be vindicated as they have been here through the filing of an action, seeking a declaration of what the contract rights are and seeking a breach of contract claim against ABB and seeking a contractual remedy. What's the breach of contract claim? Seems to me that your remedy is an infringement action. If they're not licensed and they make the product or have somebody else make it, it's an infringement action. That's what they had to worry about, isn't it? Judge, this is one of the issues that it's an issue in the state court, which is a matter of contract law. Answer the question. Isn't it true that what they had to worry about was that you would sue them for infringement? I think, Your Honor, until the contract is terminated and until a breach of the contract is found that justifies termination, they do not have an issue with an objection. You're saying that the contract doesn't give them the right to do this and therefore the state court has to sue them for infringement. No? The claim in the state court is that there's an implied negative covenant in the... Forget about what the claim in the state court is. When they got these letters from you, it was reasonable for them to worry that they were going to be sued for infringement because you're saying they don't have a right to do this under the contract. I mean, that's what they should be worried about, right? Well, Your Honor, I think there definitely is a possibility that they can be sued for breach of contract, which they have been. The breach is that the contract provides for an allowance for certain activities and a restriction of those activities. There's contractual case law finding that under those circumstances, there's an implicit agreement not to engage by contract in the acts that are restricted. The contract also indicates that if a material breach is found, it can be terminated and it notes that once termination occurs, Cooper will have the right and ability to go after them for patent infringement for acts on or after the termination. So the issue that we're dealing with right now, the fundamental issue is, has there been a breach of this contract? And their original declaratory judgment... So it was legitimate for them to worry about being sued for infringement? I think the issue is that's one of the potential claims that could be brought. Okay, so usually that's sufficient to give declaratory judgment jurisdiction if there is a federal issue. I think... Two points, Your Honor. One is, in this circumstance, because of the contract and the contractual claims, that's only one of the potential claims that they have. And I would point, although it's not exactly analogous, in the Christensen v. Colt case, where the issue was whether this court had jurisdiction or not. And one of the things that was looked at there was looking at the claim, are all of the theories that mandate this claim, are there patent laws over which this court has jurisdiction? And in that case, the Supreme Court found that it isn't necessarily sufficient on a well-pleaded complaint that there's one theory that would involve patent law. And if there are reasons completely unrelated to the provisions and purposes of the patent laws, why the plaintiff may not have relief, this court would not have jurisdiction. And that was relied on by this court later in its analysis for that point. And so here, where you have potential claims that can be brought, some of which I think would be clearly state court claims, breach of contract, specific performance, asking for remedies, are you allowed to bring it into the federal court because there's one possible claim that would involve a defensive issue? Now, with respect to the issue of the contractual defense, one thing I would point to is the lab court case by this court, where in that case, they were looking at what are the particular issues we're going to be dealing with here? Are we going to have to be dealing with the patent infringement issue or not, or an issue critical to law? And in that case, the court found that even though there may be a dispute, there was no specific infringement dispute that would occur. And as a result of that, the court did not have jurisdiction. And if we look at the facts here, the fundamental issue is not one that involves any issue of patent law, that there's no claims to be construed with respect to the claim that Cooper's brought. There's no validity challenge to be made. It's simply an issue of are they breaching the contract or not. How do you read our Speedo case, which has some relevance here? Yes, Your Honor. I think in the Speedo case, I think that Speedo absolutely pointed to the issue of whether or not the underlying claim was an action, I believe, for patent infringement or whether or not this was a defense that would be raised to a contract claim or a state law claim. And the fact that the patent there was the underlying issue, that the actual cause of action that was a dispute was a state law cause of action. And the dispute that's currently being litigated in the Texas court is an issue of whether or not they breached the obligations under the contract and what rights are allowed under the contract. There are no patent issues there. As Mr. Burgard indicated, under the contract that we're fighting about, this isn't one that defines licensed patents as products that are covered by a patent. It defines the term biotemp and does it using specific formulations. When we've discussed bringing a patent suit, I can see reasons for you perhaps suing Dow. I'm trying to figure what your patent suit would be against ABB. I think, Your Honor, the potential suit would be if we're able to establish that there's been a material breach of the contract. And if we are potentially exercising the right under the contract to terminate as a result of that potential breach, going after that point the contract would make it clear that they would be subject to claims of patent infringement. But as we sit here today where they're trying to invoke the contract saying that they have a license, it is fundamentally a contract dispute and it isn't clear whether or if there will ultimately be an issue where some court has to decide issues of patent infringement or claim validity or claim enforceability. It's clearly not an issue at this point. In fact, I think that the original declaratory judgment complaint that ABB filed is probably most telling on that because the prayer in their original complaint did not ask in any way for a matter dealing with patent law or construction of the claims or a finding of the claims. Their original prayer for relief simply asked that it be declared that their manufacturer is not a material... What does that have to do with it? We're dealing with the amended complaint, not with the original complaint. Well, I think it shows the nature of the potential claims that could be there and that there are potential claims here that... But even assuming that the only defense is a state law defense, infringement itself is a federal claim. And they're saying you don't have a federal claim. We like a declaratory judgment that you don't have a federal claim against us for infringement. And the basic question is, why isn't that sufficient for declaratory judgment jurisdiction? I think it goes into the issue and the Colt v. Christensen matter by analogy, which is there are a number of claims that Cooper has against ABB potentially. Several of them are exclusively state court claims under the Supreme Court precedent, which are claims for breach of contract and claims for specific performance under that contract. If you specifically threatened to sue them for infringement, would there be federal declaratory judgment jurisdiction? I think that that is not necessarily the case. And I'll say that by pointing out that... And again, I'll refer to the air products in chemical case here, which is one that this court decided in that Luckart case. And in that instance, this court found that the principle laid down in Wilson v. Stanford is that where a patentee in his complaint seeks recovery of royalties for a contract of license or for damages or asking restoring contracts, it is not going to give the federal court jurisdiction. And it goes on to say, nor the court stated is federal subject matter jurisdiction conferred in such case by the complainant adding to his bill an averment that after a forfeiture of the license shall be declared or titled to the patent restored, that the defendant will infringe the patent in question and requesting an injunction to prevent future infringement. When a patentee exercises choice and bases his action on the license or seeking remedies, he can't give the case a double aspect. So there, what I understand the Supreme Court to be saying, and as this court was referring to that case in air products, is even if someone goes into a state court and alleges that they breached this license agreement and they need to forfeit the license agreement and give it up, and I anticipate after that happens that an infringement claim will be brought, because that claim sounds in contract... Any final thoughts here, Mr. McConnell? No, Your Honor. Thank you. Would you give Mr. Burgett three minutes of rebuttal time? That'll keep things about even. Mr. Burgett, isn't your problem that the Cooper letter threatening infringement was to Dow, not to you? And is your answer to that that you've indemnified Dow? Is that correct? That's certainly one of the issues. The other issue, though, is the one that Mr. McConnell keeps avoiding, which is the way that this license is written, since there's no negative covenant implied according to the judge's denial of that motion for summary judgment. But the question is, there was a threat of patent infringement. There was a threat. And whatever the defense is, whether it be contract or patent, there ought to be jurisdiction in the federal district court, right? Isn't that your point? If the threat wasn't to you, it was directly to Dow. Well, I think it depends on how you interpret the letter that they sent to us in conjunction with the letter that they sent to Dow. The threat to us was, by telling Dow that they could make this, you're in breach of your license agreement. Now, the only remedy for that is infringement liability against ABB, because there's nothing else in the contract that says there's another of what we can and what we can't do. And if we go outside, then what we're doing is we're infringing the patent. Are you worried about induced infringement? I'm sorry? Are you worried about being sued for induced infringement? That is certainly one of the issues, yes, under 271B. I think that that's an issue that is clearly implicated here, because ABB is the company that is having this product made for our use in our transformers. And once we step outside the license agreement, as Cooper has alleged we've done, we're infringing the patent. And the question is not one where we are going to defend by saying there's a license, because if they're correct on their patent or on their contract claim, then we can't do that. So we've to have the declarations of non-infringement. Now, the issue I think that he brought up from the Luckett case and the Skelly case, which were two U.S. Supreme Court cases from the 20s and the 50s, were well in advance of Medimune and in advance of Textron. I don't think have any bearing on this. The issue is, regardless of whether they call this a contract case or a patent case, as this court has found in the Spiegel case, it's really not the words so much that are as important as whether a substantial question of federal patent law is raised. And it's going to be raised simply because the only way they get a remedy for this alleged wrong of breaching the contract is through finding a patent infringement. That's where they get it. And that's the reason that we believe that the proper area for this case to be determined is in the federal courts. Thank you, Mr. Berger. That brings our morning to conclusion. All rise.